IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01491-RPM

VIRGIL ANDERSON-BEY

    Plaintiff,
v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections,

    Defendant.

_____

ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2254 AND DISMISSING THIS CIVIL ACTION
_____

    Invoking the jurisdiction provided by 28 U.S.C. § 2254, Virgil Anderson-Bey claims that his conviction of two counts of aggravated robbery was obtained on evidence that was insufficient, depriving him of the due process protection of his liberty guaranteed by the Fourteenth Amendment to the United States Constitution. The applicant also contends that the two convictions and consecutive sentences for a single robbery were in violation of the double jeopardy clause of the Constitution. These claims are related in their dependence on the construction of the language of Colorado's aggravated robbery statute, making it a crime to take anything of value from the person or presence of another by the use of force, threats, or intimidation, if during the robbery, he knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury. C.R.S. §§ 18-4-301, 302(1)(b).

The relevant facts from the trial record are that on the evening of February 6, 1988, near closing time for a sandwich shop in Aurora, Colorado, Anderson-Bey[1] entered as a customer and ordered a sandwich from employee Joseph Sandoval. A second employee, Matthew Martin, was mopping the floor near the front entrance. When Sandoval went to the back of the store to obtain ingredients to prepare the sandwich, Anderson-Bey put a knife to Martin's body and led him to the back of the serving counter. The defendant directed both employees to the cash register at the end of the counter and threatened to kill both employees unless they gave him all the money. Sandoval opened the register and Anderson-Bey took $234 from the open register, directed the employees to lie on the floor and fled. At the time of this event, Martin, a new employee in training, did not have the ability to open the cash register and for that reason, Anderson-Bey claimed that Martin could not be the victim of an aggravated robbery because he had no control over the store's cash. In rejecting this defense, the Colorado Court of Appeals relied on the Colorado Supreme Court's opinion deciding *People v. Borghesi*, 66 P.3d 93, (Colo. 2003), holding that aggravated robbery differs from robbery in that it is a crime against persons, not property, and accordingly, there may be multiple victims in the course of a single taking by robbery. In that case two store clerks were counting money in the cash register at closing time when they were threatened by the defendant wielding a hatchet.

Anderson-Bey distinguishes that case by emphasizing that Martin could not open the cash register to gain access to the store's cash. The Colorado Court of Appeals rejected that argument on the appeal from the trial court's denial of Anderson-Bey's

---

[1] At the time of his trial and direct appeal the applicant's name was Virgil Lee Anderson III.

Crim. P. 35(c) motion by observing that the employee knew the location where cash was hidden, once it was removed from the register and was in charge of closing the business, giving rise to a reasonable inference that he had the right to exercise control over the money taken.

The applicant asserts that view of the trial evidence was an unreasonable interpretation of the facts. Accepting that contention, this Court has reviewed the trial record and finds from a careful reading of the two clerks' testimony that when Sandoval opened the cash register drawer, exposing the money to Anderson-Bey, both clerks were in such close proximity to it that it was reasonable to believe that both of them had sufficient control to prevent Anderson-Bey from pulling out the cash. Neither of them made any attempt to do so because they were in fear of death or injury from the defendant's threatened use of a knife.

Accordingly, taking this evidence in the light most favorable to the prosecution, the jury as rational triers of fact could properly find that there were two victims beyond a reasonable doubt and the applicant has not shown a violation of due process under *Jackson v. Virginia,* 443 U.S. 307 (1979).

Because this case is controlled by the Colorado Supreme Court's interpretation of the Colorado aggravated robbery statute in *Borghesi*, the applicant's double jeopardy claim is without merit.

Anderson-Bey contends that the enhancement of his sentence under Colorado's habitual criminal statute is invalid because one of the convictions forming a basis for it was constitutionally infirm in that, when he pleaded guilty, the trial court did not inform him of his right to appointed counsel to defend him at trial. The Colorado Court of

Appeals rejected that contention because the defendant appeared with retained counsel and under established precedent a defendant appearing with counsel need not be advised of the availability of a court appointed attorney.

The applicant seeks to avoid that result claiming at his Rule 35(c) hearing on May 13, 1993, that if he had known he had a right to court appointed counsel at no cost, he would have proceeded to trial. The trial court found at that hearing that the defendant's testimony was not corroborated by any other evidence. His retained attorney, Mr. Shine, did not testify. Accordingly, the trial court made a credibility finding which this court will not disturb. While a complete providency hearing should have included the advisement of the availability of appointed counsel, the absence of it does not warrant a finding that the plea was not voluntary, given the full record showing the defendant's responses to all of the court's questions and assuming those answers were truthful when made. *United States v. Lovett,* 844 F.2d 487 (7th Cir. 1988).

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this civil action is dismissed.

DATED: March 19th, 2010

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge